Ira Topping and another *v.* George H. Swords and another.

Where an owner of real estate, about to erect a building thereon, causes plans and specifications to be prepared, and then invites masons, carpenters, and others, to submit offers of the terms, prices, &c., at which they will perform the work; the owner is not bound, (in the absence of an express pledge to that effect on his part,) to employ the party who offers to do the work at the lowest price. He may exercise his own judgment, or even personal preference, in determining whose offer he will accept.

The owner is not liable to one whose offer is rejected, for the time and labor employed by the latter in examining the plans and specifications to prepare himself to make his offer.

The defendants in this suit, intending to put up a building, had plans and specifications prepared, and then, through their architect and otherwise, procured the usual estimates from several masons. Among the propositions submitted, was one from the plaintiffs; and it was found that they offered to contract for the erection of the building upon terms lower than was proposed in any other application. After negotiations, during which the defendants required security from the plaintiffs for the performance of their contract as a condition to the acceptance of their proposals, the defendants concluded an agreement with other masons. The plaintiffs then brought this action in the marine court, alleging that they had performed services for the defendants and at their request, in measuring the lot of land on which the proposed building was to be erected, and in examining the plans and specifications, estimating and procuring estimates of the expense of building, &c.

The court below gave judgment for the defendants. The plaintiffs appealed.

*James Moncrief*, for the appellants.

*C. W. Newton* and *Lewis B. Reed, Jr.*, for the respondents.

BY THE COURT. WOODRUFF, J.—Various rulings were had on the trial touching the admissibility of evidence, and exceptions were taken thereto, but none of them are urged on this appeal as any ground for reversing the judgment; nor do we deem them material to the determination of the case upon the merits.

The only question raised on the appeal is the following, when stated most favorably to the appellants :

When an owner, being about to erect a building, invites proposals or offers from masons, carpenters, &c., specifying the terms upon which they will perform the work—is he bound, at all events, to employ the party who offers to do the work at the lowest price, or in default of such employment, is he liable to pay such party for his time, labor, and services, in deliberating upon the plans, specifications, &c., with a view to prepare himself to make such offer ?

It may be conceded for the purposes hereof, that an owner may, by the manner in which he puts forth such invitation, so commit himself by express pledges, that he would be liable in such case. But, in the absence of express stipulation to that effect, upon the faith of which the proposals are made, there is no such liability. Upon a general invitation of this kind, the owner has a full right to consider the proposals in all their aspects, having in view the character of the party, his reputed skill, his promptness and fidelity to his contracts, or any other ground of preference, even of a merely personal character. And especially he may look to the *responsibility* of the party, and consider whether in that there is sufficient assurance that the contract, if made, will be duly performed. I cannot regard this question as admitting of any reasonable doubt. There is an offer on one side not accepted by the other. The owner holds out no inducement to any one to propose. He has work for which he wishes to employ a mechanic, and he gives notice to that effect. No one is under obligations to propose for it. Any who do propose for it, do it for their own advantage ; and until an offer is made which is accepted, there is no contract of any sort between the parties.

As well might it be said, that one who advertises for a coachman, is bound to employ him who offers to serve for the lowest wages.

The judgment should be affirmed.